## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) JENNIFER S. CASTOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| 1) GC SERVICES LIMITED PARTNERSHIP, | ) |
| A Foreign Limited Partnership., | ) |
| 2) JOHN DOE A/K/A BRIAN GENTRY, | ) |
| Individually, | ) |
| 3) JOHN DOE A/K/A DAVE FINNEY, | ) |
| Individually, | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT
### (Jury Trial Demanded)

#### I. Introduction

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices, the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (hereinafter "FCRA") and common law remedies.

#### II. Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) 15 U.S.C § 1682(p) and 28 U.S.C. § 1337.

#### III. Parties

3. Plaintiff, JENNIFER S. CASTOE (hereinafter "Plaintiff" or "CASTOE") is a natural person residing in the State of Oklahoma and therefore is an Oklahoma resident.

4. Defendant, GC SERVICES LIMITED PARTNERSHIP, A Foreign Limited Partnership (hereinafter "GC SERVICES"), is a corporation engaged in the business of collecting debts in this state with its principal place of business located at 6330 Gulfton, Ste. 400, Houston,



1

Texas. GC SERVICES is in the business of collection of debts using the mails and telephone and said Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant, JOHN DOE A/K/A BRIAN GENTRY, Individually, (hereinafter "GENTRY") is an agent and employee of GC SERVICES and is engaged in collection of debts for his employer.

6. Defendant, JOHN DOE A/K/A JOHN DOE A/K/A DAVE FINNEY, Individually, (hereinafter "FINNEY") is an agent and employee of GC SERVICES and is engaged in collection of debts for his employer.

### IV. Factual Allegations

7. CASTOE was contacted by Oklahoma City attorney Eliot R. Feiler who was hired by Defendant, GC SERVICES to collect an outstanding amount owed to USA Funds for a student loan. Plaintiff made payments that paid off all sums owed to USA Funds.

8. On or about June 9, 2005, CASTOE received a letter from attorney Eliot R. Feiler advising her that her account with USA Funds had been paid in full. Attorney Feiler enclosed a refund check for overpayment of the student loan. See Exhibit "1".

9. In early October of 2005, CASTOE was contacted by telephone from an employee of GC SERVICES who claimed she owed a debt to USA Funds. CASTOE explained the debt had been paid through attorney Feiler's office.

10. On October 18, 2005, CASTOE provided a copy of attorney Feiler's letter of June 9, 2005 to Defendant, GC SERVICES by facsimile. A copy of said facsimile is attached as Exhibit "2".

11. Even though CASTOE has provided Defendant, GC SERVICES proof that the debt had been paid through attorney Feiler's office, they continued to make demand by telephone that the debt be paid. CASTOE continued to represent that the debt was paid in full.

12. CASTOE hired counsel due to the continued demands made for payment on the paid student loan. On February 2, 2006 demand was made by certified mail and by facsimile to Defendant, GC SERVICES to validate the alleged indebtedness. Said demand also again advised Defendant, GC SERVICES that the debt had been paid in full through the offices of



attorney Feiler. A copy of said demand sent the Columbus, Ohio office of Defendant, GC SERVICES is attached hereto as Exhibit "3". A copy of said demand sent the Houston, Texas office of Defendant, GC SERVICES is attached hereto as Exhibit "4".

13. Thereafter, Defendant, GC SERVICES, continued to send demand letters insisting upon payment while failing to validate the alleged indebtedness.

14. Defendant, GC SERVICES and Defendant, GENTRY, sent a demand letter dated February 5, 2006 alleging CASTOE owed the sum of $12,200.78.

15. Defendant, GC SERVICES and Defendant, GENTRY, sent a demand letter dated February 8, 2006 alleging CASTOE owed the sum of $12,207.96.

16. Defendant, GC SERVICES and Defendant, GENTRY, sent a demand letter dated February 19, 2006 alleging CASTOE owed the sum of $12,233.59.

17. On March 8, 2006 counsel for CASTOE received a telephone call from an employee of Defendant, GC SERVICES who identified himself as David Finney. Defendant, FINNEY acknowledged receipt of CASTOE's requests for validation but insisted that she go to an internet web cite owned by USA Funds to validate the debt. FINNEY refused to take any action to validate the debt. FINNEY failed to provide the necessary FDCPA warnings in said conversation that the communication was from a debt collector. FINNEY indicated that his client required all consumers to go to said web cite in lieu of validation being provided by Defendant, GC SERVICES. Even though Defendant, FINNEY was advised the matter was paid through attorney Eliot R. Feiler, Defendant, FINNEY stated that such debts were not turned over to attorneys for collection.

14. Defendants, GC SERVICES, GENTRY and FINNEY have failed to remove the erroneous credit information about the CASTOE after being informed the student loan was paid in full through the office of attorney Eliot R. Feiler.

15. Defendants, GC SERVICES, GENTRY and FINNEY, have allowed incorrect and erroneous credit information to be transmitted to a credit reporting agency in an effort to coerce CASTOE to pay an account that is not owed by her and in deed has been paid in full.

## V. Claim for Relief

16. Plaintiff repeats and realleges and incorporates by reference paragraphs one



through fifteen (15) above listed.

20.    Defendants, GC SERVICES, GENTRY and FINNEY, violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a)    The Defendants, GC Defendants, GC SERVICES, GENTRY and FINNEY, violated 15 U.S.C. § 1692g by failing to give the necessary notices and warnings required by the FDCPA;

(b).    The Defendants, GC Defendants, GC SERVICES, GENTRY and FINNEY, violated 15 U.S.C. § 1692c by continuing to collect the alleged debt after a request for validation was given;

(c)    The Defendants, GC SERVICES, GENTRY and FINNEY, violated 15 U.S.C. § 1692e(11) by misrepresenting the debt and failed to report the alleged indebtedness was paid which adversely effects Plaintiff's credit report all to her detriment;

(d)    The Defendants, GC SERVICES, GENTRY and FINNEY, violated 15 U.S.C. § 1692e(11) by failing to advise the Plaintiff, CASTOE, of her rights to request validation within five (5) days of the initial debt collection communication and other required FDCPA required notices;

(e)    The Defendants, GC SERVICES, GENTRY and FINNEY, violated 15 U.S.C. § 1692d by continuing to send collection letters after being informed that said debt was paid.

(f)    Defendants, GC SERVICES, GENTRY and FINNEY violated 15 U.S.C. § 1692b by continuing in their attempts to collect a debt without validating the indebtedness after being informed the debt was disputed and validation was requested.

(g)    The Defendants, GC SERVICES, GENTRY and FINNEY, violated 15 U.S.C. § 1692e(11) by misrepresenting that such debts were not turned over to attorneys, such as attorney Feiler, for debt collection purposes;

(h)    Defendants, GC SERVICES, GENTRY and FINNEY, took actions intended to harass the Plaintiff.



(i)     Defendants, GC SERVICES, GENTRY and FINNEY, misrepresented the status and character of the alleged debt and failed to acknowledge that it had been paid in full.

21.    The Defendants, GC SERVICES, GENTRY and FINNEY, violated the FCRA. Defendants' violations include, but are not limited to, the following:

(a)    Reporting incorrect credit information with the intent to injure the Plaintiff's credit record and ability to obtain credit;

(b)    Failing to remove adverse and incorrect credit information from the Plaintiff's credit record after being advised said information was incorrect.

(c)    Failing to maintain reasonable procedures to assure "maximum possible accuracy" in their reports about CASTOE, in violation of 15 U.S.C. § 1681e(b);

(d)    Failing to comply with the statutory procedure for reinvestigating the accuracy and completeness of an entry, in violation of 15 U.S.C. § 1681i;

(e)    Failing to provide adequate documentation concerning the entry about the alleged adverse credit reported on CASTOE in violation of 15 U.S.C. § 1681g;

(f)    Failing to report that CASTOE disputed the information in her credit report;

(g)    Negligently allowing inaccurate information onto the credit report of CASTOE after they were informed it was paid in full;

(h)    Failing to investigate and provide a written report to the Plaintiff as to the results of its investigation on the alleged erroneous credit information.

23.    The acts of the Defendants as described above were done intentionally and maliciously with the purpose of inflicting severe emotional distress on the Plaintiff.

24.    The acts of the Defendants breached their duty to the Plaintiff, and were done to cause harm to the Plaintiff and her ability to obtain credit. Therefore said actions were done negligently with intent to harm and oppress.

28.    As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for statutory damages in the amount of One Thousand Dollars ($1,000.00), costs and attorney's fees.

29.    As a result of the above violations of the FDCPA and the FCRA and their



negligent actions, Defendants are liable to the Plaintiffs for actual damages in the amount of One Thousand Dollars ($1,000.00) costs and attorney's fees.

30. As a result of the above actions of gross negligence and intentional infliction of emotional distress, Defendants are liable to the Plaintiff for punitive damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

WHEREFORE, Plaintiff, JENNIFER S. CASTOE, respectfully prays judgment be entered against the Defendants for:

a) Awarding Plaintiff actual and compensatory damages in an exact amount which will be proven at trial, together with interest thereon, costs and a reasonable attorney's fee;

b) Awarding Plaintiff maximum statutory damages as provided under the Fair Debt Collection Practices Act, and the Fair Credit Reporting Act, including costs and a reasonable attorney's fee;

c) Awarding Plaintiff and maximum statutory damages for intentional infliction of emotional distress and Defendant's gross negligence, including costs of this action and a reasonable attorney's fee;

d) Awarding Plaintiff punitive damages in excess of $10,000.00, said amount to be determined at trial;

e) Enjoining the Defendants from continuing the unfair and deceptive practices complained of in this action;

f) Such other relief as may be just and proper.

JENNIFER S. CASTOE,
Plaintiff

JOSEPH B. MINER   OBA #6249
CHRISTOPHER J. PETERSEN   OBA #14085
LITTLE, MINER & PETERSEN
3035 N.W. 63rd Street, Suite 200
Oklahoma City, OK 73116-3606
Telephone: (405) 848-0346
Facsimile (405) 848-7569



6

ATTORNEYS FOR PLAINTIFF

JURY TRIAL DEMANDED

ATTORNEY'S LIEN CLAIMED

